MILBERG LLP
Matthew A. Kupillas
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

*Attorney for Robert Potamkin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SECURITIES INVESTOR PROTECTION CORPORATION, | Adv. Pro. No. 08-01789 (BRL) |
| Plaintiff-Applicant, | SIPA LIQUIDATION |
| v. | (Substantively Consolidated) |
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| Defendant. | |
| In re: | |
| BERNARD L. MADOFF, | |
| Debtor. | |
| IRVING H. PICARD, Trustee for the Liquidation of Bernard L. Madoff Investment Securities LLC, | Adv. Pro. No. 10-04352 (BRL) |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| RAR ENTREPRENEURIAL FUND, LTD., RUSSELL OASIS, ALAN POTAMKIN, ROBERT POTAMKIN, and TAMIAMI TOWER CORPORATION, | |
| Defendants. | |

**ANSWER OF DEFENDANT ROBERT POTAMKIN**

Defendant Robert Potamkin, by and through his attorneys, Milberg LLP, responds to Plaintiff's Complaint as follows, upon knowledge as to himself and his own acts and upon information and belief as to all other matters:

1.      Defendant is not an owner, director, employee or officer of RAR Entrepreneurial Fund, Ltd. or Tamiami Tower Corporation and did not receive any of the transfers from BLMIS alleged to be avoidable by the Trustee and the Trustee has no basis upon which to file this action against Defendant.   Defendant further states that the allegation that defendants RAR Entrepreneurial Fund, Ltd. and Tamiami Tower Corporation received avoidable transfers from BLMIS is a legal conclusion or argument to which no response is required; to the extent a response is required, Defendant denies this allegation on information and belief.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 1.

2.      Defendant denies that he has received other people's money, and Defendant denies that he received any subsequent transfers of any portion of the avoidable transfers alleged in paragraph 2.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 2.

3.      Defendant states that the allegations of paragraph 3 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 3 on information and belief.

4.      Defendant states that the allegation of paragraph 4 that this Court has jurisdiction over this adversary proceeding is a legal conclusion or argument to which no response is required; to the extent a response is required, Defendant denies this allegation on information and belief.  Defendant denies knowledge or information sufficient to form a belief as to the truth

of all other allegations of paragraph 4, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding (as defined in paragraph 4 of the Complaint), the SIPA Proceeding (as defined in paragraph 4 of the Complaint) and in the criminal action against Bernard L. Madoff.

5.      Defendant states that the allegations of paragraph 5 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 5 on information and belief.

6.      Defendant states that the allegations of paragraph 6 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 6 on information and belief.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.     Defendant denies that he is a limited partner of RAR Entrepreneurial Fund, Ltd., and Defendant denies that he is an owner of Tamiami Tower Corporation.  Defendant admits that he maintains his residence in Miami, Florida.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and refers the Court and the parties to the filings, orders,

and proceedings in the District Court Proceeding and in the criminal action against Bernard L. Madoff.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding and the SIPA Proceeding.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and refers the Court and the parties to the filings, orders, and proceedings in the District Court Proceeding.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and refers the Court and the parties to the filings, orders and proceedings in the criminal action against Bernard L. Madoff.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and refers the Court and the parties to the filings, orders and proceedings in the criminal action against Frank DiPascali.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 that the Trustee is in the process of marshalling BLMIS' assets, that the liquidation of BLMIS' assets is well underway, and that such assets will not be

sufficient to reimburse the customers of BLMIS for the billions of dollars that they invested over the years. As to all other allegations of paragraph 19, Defendant states that those allegations are legal conclusions or arguments to which no response is required; to the extent a response is required, Defendant denies those allegations on information and belief.

20.     Defendant states that the allegations of paragraph 20 are legal conclusions or arguments to which no response is required.

21.     Defendant states that the allegations of paragraph 21 are legal conclusions or arguments to which no response is required.

22.     Defendant states that the allegations of paragraph 22 that (a) the Trustee has standing to bring the claims alleged in the Complaint, (b) SIPC statutorily cannot fully reimburse all customers for all of their losses, and (c) the Trustee, as bailee of customer property, can sue on behalf of the customer bailors, are legal conclusions or arguments to which no response is required;  to the extent a response is required, Defendant denies those allegations on information and belief. Defendant denies that Defendants received "Customer Property" as defined in 15 U.S.C. §78*lll*(4), denies that BLMIS incurred losses as a result of the claims set forth in the Complaint, and denies that BLMIS' customers were injured as a result of the conduct detailed in the Complaint. As to all other allegations of paragraph 22, Defendant denies knowledge or information sufficient to form a belief as to the truth of those allegations.

23.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 23, except admits that at certain times BLMIS had an office at 885 Third Avenue, New York, New York.

24.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25.

26.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26.

27.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27.

28.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28.

29.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29.

30.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 30.

31.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31.

32.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32.

33.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33.

34.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34.

35.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35.

36.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36.

37.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37.

38.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39.

40.     Defendant denies that during the 90 days prior to the Filing Date, BLMIS made any payments or other transfers to Defendant.  Defendant denies knowledge or information sufficient to form a belief as to the allegations of paragraph 40 that during the 90 days prior to the Filing Date, BLMIS made payments or other transfers to any other defendants.  As to all other allegations of paragraph 40, Defendant states that those allegations are legal conclusions or arguments to which no response is required; to the extent a response is required, Defendant denies those allegations on information and belief.

41.     Defendant states that the allegations of paragraph 41 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 41 on information and belief.

42.     Defendant denies that any portion of the alleged Transfers was subsequently transferred by defendants to Defendant.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 42.

43.     Defendant states that the allegations of paragraph 43 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 43.

44.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44.  To the extent a response is required, Defendant denies the allegations of paragraph 44.

45.     Defendant states that the allegations of paragraph 45 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 45 on information and belief.

## RESPONSE TO COUNT ONE

46.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

47.     Defendant states that the allegations of paragraph 47 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 47 on information and belief.

48.     Defendant states that the allegations of paragraph 48 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 48 on information and belief.

49.     Defendant denies that the alleged Preference Period Transfer was to or for the benefit of Defendant.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 49.

50.     Defendant states that the allegations of paragraph 50 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 50 on information and belief.

51.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51.

52.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52.

53.     Defendant states that the allegations of paragraph 53 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 53 on information and belief.

54.     Defendant states that the allegations of paragraph 54 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 54 on information and belief.

55.     Defendant states that the allegations of paragraph 55 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 55 on information and belief.

**RESPONSE TO COUNT TWO**

56.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

57.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 57.

58. Defendant states that the allegations of paragraph 58 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 58 on information and belief.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 59.

60. Defendant states that the allegations of paragraph 60 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 60 on information and belief.

61. Defendant states that the allegations of paragraph 61 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 61 on information and belief.

## RESPONSE TO COUNT THREE

62. Defendant repeats and realleges the foregoing responses as if fully set forth herein.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63.

64. Defendant states that the allegations of paragraph 64 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 64 on information and belief.

65. Defendant states that the allegations of paragraph 65 are legal conclusions or arguments to which no response is required. To the extent a response is required, Defendant denies the allegations of paragraph 65 on information and belief.

66.     Defendant states that the allegations of paragraph 66 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 66 on information and belief.

67.     Defendant states that the allegations of paragraph 67 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 67 on information and belief.

68.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 68.

69.     Defendant states that the allegations of paragraph 69 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 69 on information and belief.

70.     Defendant states that the allegations of paragraph 70 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 70 on information and belief.

## RESPONSE TO COUNT FOUR

71.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

72.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 72.

73.     Defendant states that the allegations of paragraph 73 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 73 on information and belief.

74.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 74.

75.     Defendant states that the allegations of paragraph 75 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 75 on information and belief.

## RESPONSE TO COUNT FIVE

76.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

77.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 77.

78.     Defendant states that the allegations of paragraph 78 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 78 on information and belief.

79.     Defendant states that the allegations of paragraph 79 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 79 on information and belief.

80.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 80.

81.     Defendant states that the allegations of paragraph 81 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 81 on information and belief.

## RESPONSE TO COUNT SIX

82.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

83.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 83.

84.     Defendant states that the allegations of paragraph 84 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 84 on information and belief.

85.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 85.

86.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 86.

87.     Defendant states that the allegations of paragraph 87 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 87 on information and belief.

## RESPONSE TO COUNT SEVEN

88.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

89.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 89.

90.     Defendant states that the allegations of paragraph 90 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 90 on information and belief.

91.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

92.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 92.

93.     Defendant states that the allegations of paragraph 93 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 93 on information and belief.

## RESPONSE TO COUNT EIGHT

94.     Defendant repeats and realleges the foregoing responses as if fully set forth herein.

95.     Defendant states that the allegations of paragraph 95 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 95 on information and belief.

96.     Defendant denies that any portion of the alleged Subsequent Transfers was transferred to Defendant.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 96.

97.     Defendant denies that any of the alleged Subsequent Transfers was made directly or indirectly to Defendant.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 97.

98.     Defendant denies that he is an immediate or mediate transferee of the alleged Subsequent Transfers from Defendants.  Defendant denies knowledge or information sufficient to form a belief as to the truth of all other allegations of paragraph 98.

99.     Defendant states that the allegations of paragraph 99 are legal conclusions or arguments to which no response is required.  To the extent a response is required, Defendant denies the allegations of paragraph 99 on information and belief.

## FIRST AFFIRMATIVE DEFENSE

100.     The Complaint fails to state a claim upon which relief may be granted as against Defendant.  Defendant is not an owner, director, employee or officer of RAR Entrepreneurial Fund, Ltd. or Tamiami Tower Corporation and did not receive any of the transfers from BLMIS alleged to be avoidable by the Trustee and the Trustee has no basis upon which to file this action against Defendant.  The Complaint also violates Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim," and the Supreme Court's rulings in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) by, *inter alia*, (a) failing to describe each specific transfer and its recipients, and each subsequent transfer and its recipients, and improperly combining allegations as to all defendants, (2) pleading numerous background facts and allegedly applicable statutes and legal rules which are not required for the claims being alleged, and (3) pleading numerous facts that defendants do not know and could not possibly know.

## SECOND AFFIRMATIVE DEFENSE

101.     Defendant did not receive any of the alleged Transfers and none of the alleged Transfers to the extent received by any defendant may be avoided against or recovered from any of the defendants under Sections 548 and 550 of the Bankruptcy Code because if any such Transfers were received by the other defendants they were taken for value and in good faith, as provided by Section 548(c) of the Bankruptcy Code.

## THIRD AFFIRMATIVE DEFENSE

102. None of the alleged Transfers may be avoided against Defendant or recovered from any of the defendants under Sections 544 and 550 of the Bankruptcy Code and Sections 272 through 276 of the New York Debtor and Creditor Law because Defendant did not receive any of the alleged Transfers and if any such Transfers were received by the other defendants, such Transfers were taken without actual fraudulent intent and for fair consideration, as provided by Section 278(2) of the New York Debtor and Creditor Law.

## FOURTH AFFIRMATIVE DEFENSE

103. None of the alleged Transfers may be avoided against Defendant or recovered from any of the defendants under Sections 544 and 550 of the Bankruptcy Code and Sections 272 through 276 of the New York Debtor and Creditor Law because if any such Transfers were received by the defendants, such Transfers were taken for fair consideration and without knowledge of the fraud, as provided by Section 278(1) of the New York Debtor and Creditor Law.

## FIFTH AFFIRMATIVE DEFENSE

104. Even if any of the alleged Transfers are avoided against any of the defendants, none of the Transfers may be recovered from Defendant because Defendant is not (a) an initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made, (c) an immediate or mediate transferee of the Transfers or (d) an actual recipient of any such Transfers..

## SIXTH AFFIRMATIVE DEFENSE

105. To the extent that any defendant is an immediate or mediate transferee of any of the alleged Transfers, any such Transfer is not recoverable from Defendant because Defendant is not the recipient of any such Transfer and any other defendant that may have taken any such Transfer took it for value, in good faith and without knowledge of the voidability of the Transfer.

## SEVENTH AFFIRMATIVE DEFENSE

106.    The alleged Transfers are each exempt from avoidance under Section 546(e) of the Bankruptcy Code because each of the Transfers to the extent received by any defendant was made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency, in connection with a securities contract, commodity contract or forward contract made before the commencement of this bankruptcy case.

## EIGHTH AFFIRMATIVE DEFENSE

107.    The alleged Transfers are each exempt from avoidance under Section 546(e) of the Bankruptcy Code because each of the Transfers to the extent received by any defendant constitutes a settlement payment made by or to, or for the benefit of, a commodity broker, forward contract merchant, stockbroker, financial institution, financial participant, or securities clearing agency.

## NINTH AFFIRMATIVE DEFENSE

108.    The alleged Transfers are not avoidable as against the defendants or recoverable from the defendants to the extent that they received a transfer under the single satisfaction rule set forth in Section 550(d) of the Bankruptcy Code and/or under New York law.

## TENTH AFFIRMATIVE DEFENSE

109.    The claims should be barred because the Complaint, in effect, improperly avoids transfers which occurred prior to six years before the filings of this case without any legal basis. All calculations of avoidable transactions should begin with the account balance shown on the relevant BLMIS account statements on or about December 11, 2002.

## ELEVENTH AFFIRMATIVE DEFENSE

110.     Although Defendant did not receive any of the alleged Transfers, each of the counts alleging a fraudulent transfer, whether under Bankruptcy Code Section 546, Section 548 or otherwise, is subject to defense, setoff or other equitable adjustment in that to the extent that any defendant received a transfer, such transfers were, in whole or in part, transfers to pay tax obligations imposed on so-called "fictitious profits" based on Forms 1099 and information reported by BLMIS to government taxation authorities.

### TWELFTH AFFIRMATIVE DEFENSE

111.     Each of the counts alleging a fraudulent transfer, whether under Bankruptcy Code Section 546, Section 548 or otherwise, is subject to the defenses or setoffs that such transfers to the extent received by any defendant were, in whole or in part, transfers in good faith and on account of obligations owed by BLMIS for (a) interest pursuant to federal and state law, (b) the time value of money, (c) unjust enrichment, (d) fraud or misrepresentation and/or (e) money had and received.

### THIRTEENTH AFFIRMATIVE DEFENSE

112.     Each of the counts alleging a fraudulent transfer or seeking recovery of a fraudulent transfer, whether under Bankruptcy Code Section 546, Section 548 or otherwise, is subject to the defense that to the extent that any defendant received a transfer, the defendant received such transfer in good faith, without knowledge of the alleged fraud, and in payment of an antecedent debt as reflected in the BLMIS account statements issued as of November 30, 2008 without any adjustments based on the Trustee's so-called "money in-money out" principle.

### FOURTEENTH AFFIRMATIVE DEFENSE

113.     Each of the alleged transfers within ninety (90) days of the Filing Date to the extent received by any defendant are exempt from avoidance under Section 547(c)(2) of the

Bankruptcy Code because any such transfers were in payment of a debt incurred by BLMIS in the ordinary course of business or financial affairs of BLMIS and the defendants, and/or were made according to ordinary business terms.

## FIFTEENTH AFFIRMATIVE DEFENSE

114.    The Complaint is based on the assumption that BLMIS never earned funds and therefore all gains reported to customers were "fictitious." This assumption is contrary to fact. There is significant evidence that, at some time, BLMIS was at least in part a legitimate business and therefore all or a portion of the gains were not fictitious. The burden is on the Plaintiff to show that BLMIS never earned any amounts to support customer gains and, if at some point it did earn funds, the dates when it ceased to do so. The Plaintiff is required to state and prove when the alleged Ponzi scheme began.

## SIXTEENTH AFFIRMATIVE DEFENSE

115.    The claims are barred by the unclean hands of the Debtor and/or Trustee.

## SEVENTEENTH AFFIRMATIVE DEFENSE

116.    The claims are barred by judicial estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

117.    The claims are barred by the doctrine of *in pari delicto*.

## NINETEENTH AFFIRMATIVE DEFENSE

118.    The claims are barred by waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

119.    The claims are barred by laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

120.    The claims are barred to the extent that they were not filed within the applicable statutes of limitation.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

121.    The claims are barred as untimely under Section 546(a) of the Bankruptcy Code.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint and all claims asserted therein with prejudice and awarding Defendant attorneys' fees and costs and such other and further relief as the Court may deem just and proper.

Defendant demands a trial by jury.

Dated:  March 24, 2011

s/ Matthew A. Kupillas
MILBERG LLP
Matthew A. Kupillas
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229
mkupillas@milberg.com

*Attorney for Robert Potamkin*

541096v3

## CERTIFICATE OF SERVICE

I, Matthew A. Kupillas, hereby certify that on the 24th day of March 2011, I electronically filed the foregoing ANSWER OF DEFENDANT ROBERT POTAMKIN with the Clerk of the Court using the CM/ECF system which automatically sent notification of such filing to the parties in this action that have elected to receive electronic notification through the CM/ECF system, and I also served copies of the foregoing ANSWER OF DEFENDANT ROBERT POTAMKIN on the following counsel via electronic mail:

Helen Chaitman, Esq.
Peter W. Smith, Esq.
BECKER & POLIAKOFF, LLP
45 Broadway
New York, NY  10006
Tel: (212) 955-3322
hchaitman@becker-poliakoff.com
psmith@becker-poliakoff.com
*Attorneys for Russell Oasis and RAR Entrepreneurial Fund, Ltd.*

s/  Matthew A. Kupillas